1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| **TORA M. BALDREE,** ) | **NO. SACV 15-00011-KLS** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of Social Security** ) | |
| **Defendant.** ) | |
| _____ ) | |

## INTRODUCTION

On January 5, 2015, plaintiff filed a Complaint, seeking review of the Commissioner's partially favorable decision on plaintiff's application for a period of disability and disability insurance benefits ("DIB"). (ECF Docket No. 1.) On August 12, 2015, after engaging in the mandatory settlement procedures with plaintiff, defendant filed an Answer to the Complaint, the Administrative Record, and a Motion To Remand ("Motion"). (ECF Docket Nos. 17-19.) On August 24, 2015, the parties consented, pursuant to 28 U.S.C. 636(c), to proceed before the undersigned United States Magistrate Judge. (ECF Docket Nos. 21, 23, 24.)

In the Motion, the Commissioner seeks a remand pursuant to sentence four of 42 U.S.C. § 405(g), which permits a court to remand a case in conjunction with a judgment affirming, modifying, or reversing the decision of the Commissioner.[1]   The Commissioner contends that a remand for further proceedings is appropriate, because the Administrative Law Judge Joseph P. Lisiecki ("ALJ") erred in failing to properly articulate:  (1) the basis for his conclusion that plaintiff was not disabled prior to April 1, 2011 – almost a full year and a half after the alleged onset date; and (2) his reasons for finding plaintiff's symptom testimony not fully credible.  (Motion at 3.)

On September 3, 2015, plaintiff filed an opposition to the Motion ("Opposition"). (ECF Docket No. 25.)  Plaintiff contends that, in addition to improperly evaluating plaintiff's testimony and failing to properly articulate a basis for assessing an April 1, 2011 onset date, the ALJ committed a third error.   Specifically, plaintiff contends that the ALJ also improperly evaluated the testimony of the medical expert, who testified that it was "more likely than not" that plaintiff's condition equaled a listed impairment as of her alleged onset date.  (*See* Opposition at 3-4; Administrative Record ("A.R.") 512.)  Plaintiff argues that the Court should credit as true both the medical expert's testimony and plaintiff's testimony regarding the date her period of disability began and remand for the award of benefits.  (*See* Opposition at 7-8; *see also* A.R. 517-19).  In the alternative, plaintiff seeks a remand limited to the issue of whether plaintiff's disability began prior to April 1, 2011.  (Opposition at 8.)

The Commissioner filed a Reply on September 16, 2015.  (ECF Docket No. 27.) The Commissioner contends that the ALJ properly discounted the medical expert's testimony as "speculative and unsupported."  (Reply at 2-4.)  The Commissioner further argues that the gaps and inconsistencies in the record preclude a judicial determination of disability at this time, making the matter ineligible for a remand for the award of benefits.  (*Id.* at 6 (citing

---

[1] In contrast, 42 U.S.C. § 405(g) permits a court to remand a case "on motion of the Commissioner of Social Security made for good cause shown *before* the Commissioner files the Commissioner's answer."  (emphasis added).

*Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014) (remand for payment is only appropriate when "the record, taken as a whole, leaves not the slightest uncertainty" that the claimant would be disabled if the relevant evidence were found credible)).

The parties have consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge, (ECF Docket Nos. 21, 23, 24), and the Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE AND JUDICIAL PROCEEDINGS

On May 20, 2010, plaintiff, who was then nine days shy of her 60th birthday, filed an application for a period of disability and DIB.[2]  (Administrative Record ("A.R.") 129-35.) Plaintiff claimed to have been disabled since October 12, 2009, due to arthritis, high blood pressure, depression, loss of balance, and acid reflux.  (*Id.* 149.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration, plaintiff requested a hearing.  (A.R. 85-86.)  On August 29, 2011, plaintiff, who was represented by counsel, appeared and testified at a hearing before the ALJ.  (*Id.* 45, 54-62.) Vocational expert Luis Mas and medical expert Steven Gerber, M.D., who is board certified in internal medicine and cardiovascular disease, also testified.  (*Id.* 51-54, 62-65, 126.)  On October 4, 2011, the ALJ issued a partially favorable decision, finding that plaintiff was not disabled prior to June 1, 2011 – the onset date identified by Dr. Gerber – but was disabled thereafter.  (*Id.* 14-21; *see also id*. 51, 52 (Dr. Gerber's testimony regarding the disability onset date).)  The Appeals Council denied review on December 19, 2012.  (A.R. 1-6.)

---

[2]  This was plaintiff's third application for a period of disability and DIB.  Her two prior applications were denied, the first in December 2008 upon reconsideration or review by a Federal Reviewing Official and the second in January 2009 at the initial stage of review.  (*See* A.R. 145-46.)

On January 14, 2013, plaintiff filed a Complaint in this Court seeking review of the denial of her application for benefits.  (*See Tora M. Baldree v. Carolyn W. Colvin*, SACV 13-00071-MAN, ECF Docket No. 1.)  On February 25, 2014, the Court issued an Order and Judgment reversing the ALJ's decision and remanding for further proceedings on the grounds that the ALJ had failed to articulate legally sufficient reasons for:  (1) rejecting the opinions of plaintiff's treating physicians regarding the onset date of plaintiff's disability; and (2) finding plaintiff's testimony regarding the onset date not credible.  (A.R. 560-75.)

On September 9, 2014, following the Court's February 25, 2014 remand order, the ALJ held a second hearing.  (A.R. 505-23.)  Vocational expert Alan Ey ("VE"), medical expert Anthony Francis, M.D. J.D., an orthopedic surgeon, and plaintiff, who was again represented by counsel, testified at the hearing.  (*Id.*; *see also id.* 650-52 (curriculum vitae of Dr. Francis).)  Dr. Francis testified that, based upon his review of the record, he believed plaintiff's disability "more likely than not" commenced on the alleged onset date of October 12, 2009.  (A.R. 512.)  On October 28, 2014, the ALJ issued a second partially favorable decision, this time finding that plaintiff was not disabled prior to April 1, 2011, but was disabled thereafter.  (*Id.* 484-94.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found on remand that plaintiff has not engaged in substantial gainful activity since the alleged October 12, 2009 onset date.  (A.R. 487.)  The ALJ further found that plaintiff has had the following severe impairments from the alleged onset date:  "hypertension; degenerative disc disease of the cervical spine; obesity; tri-compartmental osteoarthritis of the bilateral knees; osteoarthritis of the hip; right rotator cuff tear; and carpal tunnel syndrome of the right upper extremity."  (*Id.*)  The ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§

4

416.920(d), 416.925, 416.926).  (*Id.* 488.)  The ALJ determined that prior to April 1, 2011, the date the ALJ determined that plaintiff became disabled, plaintiff had the residual functional capacity to perform light work with some exceptions and was capable of performing her past relevant work as an insurance clerk.  (*Id.* 488, 491.)  The ALJ determined that after April 1, 2011, plaintiff could perform light work with the following exceptions:  "she can stand and/or walk for a total of four hours and sit for six hours (with normal breaks) in an eight-hour workday; [she] is limited to occasional postural maneuvers; [she] is precluded from climbing ladders, ropes, and scaffolds; [she] is limited to only occasional overhead reaching with the right upper extremity; [she is] limited to occasional pushing or pulling with the right (dominant) upper extremity; and [she is] limited to no constant repetitive use of the right (dominant) hand."  (*Id.* 488.)  The ALJ found that, as of April 1, 2011, there were no jobs that exist in significant numbers in the national economy that plaintiff could perform.  (*Id.* 492.)

## DISCUSSION

As described above, the parties agree that the ALJ committed legal errors in connection with his finding that plaintiff's disability commenced on April 1, 2011. However, the number and extent of those errors is in dispute, as is the appropriate remedy for the ALJ's errors.  Plaintiff contends that the ALJ improperly evaluated plaintiff's testimony and Dr. Francis's testimony, both should be credited as true, and the case should be remanded for the calculation and award of benefits.  In contrast, the Commissioner contends that the ALJ did not err by discounting Dr. Francis' testimony about the date of onset and the record needs further development to determine when plaintiff's disability commenced.

Because the Court finds that the record has not been fully developed with respect to the date plaintiff's disability commenced, the Court declines to reach the question of whether the ALJ properly evaluated Dr. Francis' testimony and remands for further proceedings on

the issue of plaintiff's disability onset date. However, on remand the ALJ should accord proper weight to all medical opinions and articulate legally sufficient reasons for discounting any medical opinion.

## I.    The Court's Standard Of Review

"The touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter v. Colvin*, __ F.3d __, 2015 WL 4620123, at *7 (9th Cir. Aug. 4, 2015). Accordingly, a reviewing court is not required to credit as true a claimant's allegations or physician's opinion merely because the ALJ made a legal error in discrediting it. *Id.* (citing *Treichler*, 775 F.3d at 1106). Instead, a remand for an immediate award of benefits is appropriate only in "rare circumstances," and, before ordering that extreme remedy, the Court must satisfy itself that the following three requirements are met:

(1) the record has been fully developed and further administrative proceedings would serve no useful purpose;

(2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and

(3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* However, even if those requirements are met, the Court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)). "In particular, [the Court] may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021).

1

2

## II.   <u>Discussion</u>

3        The Court finds that the first requirement for remanding for the award of benefits – a

4   fully developed record – has not been met in this case.  The record contains very few medical

5   records from the months immediately preceding and following plaintiff's alleged onset date

6   of October 12, 2009, presumably because plaintiff was uninsured between 2009 and 2011.

7   (*See* A.R. 519.)  This gap precludes a medical advisor from identifying a precise onset date

8   without resorting to speculation.   In these circumstances, Social Security Ruling 83-20

9   indicates that the ALJ has a duty to elicit not only the testimony of a medical advisor but

10  also, with the claimant's permission, lay witness evidence regarding the date the claimant's

11  disability commenced.  *See also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)

12  ("ALJ in a social security case has an independent duty to fully and fairly develop the record

13  and to assure that the claimant's interests are considered." (internal quotation marks and

14  citations omitted)).

15

16        Social Security Ruling 83-20 states in relevant part:

17

18            If reasonable inferences about the progression of the impairment cannot

19        be made on the basis of the evidence in file and additional relevant medical

20        evidence is not available, it may be necessary to explore other sources of

21        documentation.  Information may be obtained from family members, friends,

22        and former employers to . . .  furnish additional evidence regarding the course

23        of the individual's condition.  However, before contacting these people the

24        claimant's permission must be obtained.  The impact of lay evidence on the

25        decision of onset will be limited to the degree it is not contrary to the medical

26        evidence of record.

27

28

7

The available medical evidence should be considered in view of the nature of the impairment (*i.e.*, what medical presumptions can reasonably be made about the course of the condition).  The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or result in death.  *Convincing rationale must be given for the date selected.*

S.S.R. 83-20 (emphasis added).

Here, there is no indication in the record that the ALJ sought lay witness evidence in accordance with Social Security Ruling 83-20.  The ALJ's oversight is particularly pronounced because the record includes a July 14, 2010 Third Party Function Report completed by plaintiff's husband (A.R. 158-165), which suggests that plaintiff and her husband were willing to have her husband answer questions about her impairments.  Thus, in the light of Social Security Ruling 83-20, the record regarding the date on which plaintiff's disability commenced has not been fully developed and further administrative proceedings could serve a useful purpose.  *Cf. Brown-Hunter*, __ F.3d __, 2015 WL 4620123, at *8 (remanding for further proceedings where "crucial questions" remained).  It would, therefore, be inappropriate for the Court to remand for the award of benefits at this time.

**III.    A Time Limited Remand To A Different ALJ Is Necessary**

In concluding that a remand for further proceedings is warranted, the Court is mindful of the extraordinary length of time that it has taken for the Commissioner to properly adjudicate plaintiff's application for benefits.  More than five years have passed since plaintiff, who was then rapidly approaching her 60th birthday, filed her application for benefits.  In the intervening years, the ALJ has twice committed the same error regarding

plaintiff's disability onset date and the Appeals Council has failed to identify and correct the mistake. Courts outside the Ninth Circuit have awarded benefits in similar circumstances when the claimant has made a *prima facie* case that she is entitled to benefits and waited five or more years for her case to be properly adjudicated by the Commissioner. *See e.g.*, *Donahue v. Massanari*, 166 F. Supp.2d 1143, 1150-51 (E.D. Mich. 2001) (awarding benefits to a claimant who was approaching 59 years of age, had applied for benefits over seven years earlier, had an extensive work history, and established a *prima facie* case of entitlement); *see also id.* (discussing cases in the Second, Third, Fifth, Seventh, and Tenth Circuits that reached similar conclusions).

However, the paucity of evidence in this record regarding the date on which plaintiff's disability commenced precludes the Court from finding that the record as a whole "leaves not the slightest uncertainty" as to the proper onset date. *Cf. Treichler*, 775 F.3d at 1101. Further, the burden of proof rests on plaintiff – not the Commissioner, and thus plaintiff, who has been represented by counsel throughout these proceedings, bears some responsibility for the deficient development of the record on this issue. *See Valentine v. Comm'r of Soc. Sec.*, 575 F.3d 685, 689 (9th Cir. 2009) (claimant bears the burden of proof at steps one through four of the sequential analysis); *see also Brown-Hunter*, __ F.3d __, 2015 WL 4620123, at *7 ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error. To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make 'disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).'" (citation omitted)).

Given the ALJ's repeated errors and failure to properly develop the record, despite a prior order of this Court, remand to a different ALJ is necessary. *Cf. Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001) (remanding to different ALJ for fair consideration of evidence despite no indication of ALJ bias); *Balladarez v. Colvin*, No. CV 13-9490-MAN, 2014 WL

7185342, at *15 (C.D. Cal. Dec. 16, 2014) (remanding to a different ALJ due to ALJ's delays and errors); *Campbell v. Astrue*, No. CV 08-7059-PLA, 2009 WL 3244745, *10, n.11 (C.D. Cal. Oct. 7, 2009) (remanding to a different ALJ for reconsideration of the plaintiff's claim for disability benefits because the ALJ ignored the Appeals Council's remand order).

The Court is also concerned that time is of the essence.  Plaintiff has waited more than five years for a proper adjudication of her application, and it may well be that there is no longer any lay witness testimony about the date plaintiff's disability commenced that can be obtained.

Accordingly, it is ordered that, unless plaintiff is unable to proceed within the following timeframe, within 180 days of the date of this Memorandum Opinion And Order, the Commissioner shall:

(1)     seek plaintiff's permission to obtain lay witness evidence regarding the onset date of plaintiff's disability in the form of statements from plaintiff's husband, family, friends, neighbors, former employer, and/or former colleagues, and, if permission is granted, try to obtain and supplement the record with this evidence;

(2)     hold a hearing at which a medical advisor who, like Dr. Francis, specializes in a relevant field of medicine and has received an opportunity to review the record in its entirety testifies regarding the date plaintiff's disability commenced; and

(3)     issue a decision that determines when plaintiff's disability commenced, accords proper weight to all of the medical source opinions of record, explicitly considers and provides legally sufficient reasons for discounting plaintiff's statements, the statements of any lay witnesses, and any medical

opinions, and articulates a "convincing rationale" for the established onset date pursuant to Social Security Ruling 83-20.

*Cf.* Butts v. Barnhart, 416 F.3d 101, 103-06 (2d Cir. 2005) (affirming imposition of time limits for a decision on the remand of the plaintiff's disability claim for further proceedings); Barnett v. Bowen, 794 F.2d 17, 22 (2d Cir. 1986) (injunctive relief is an appropriate remedy for individual social security cases involving unreasonable delays, despite the fact that absolute periods of limitations applicable to all claims are invalid); Barbour v. Astrue, 950 F. Supp.2d 480, 491 (E.D. N.Y. 2013) ("As it has been more than seven years since the plaintiff filed his initial application for benefits, a time limit is appropriate in this case to prevent undue delay."); Guzzi v. Heckler, 617 F. Supp. 916, 917 (D. Fla. 1985) ("although it is clearly not within the province of this Court's powers to mandate across the board time limits by which the SSA must abide, it is within this Court's power to direct the Office of Hearings and Appeals to give the plaintiff in this case a *de novo* hearing within one hundred and twenty days from the date of this Order" and, if a hearing is not commenced within one hundred twenty days from the date of this Order, to issue an Order to Show Cause why the Commissioner should not be held in contempt); Rowland v. Barnhart, No. 01-1088-JAR, 2002 WL 31103231, *1-3 (D. Kan. Sep. 18, 2002) (finding that the Court has the authority to order a time-limit upon remand in a social security case); White v. Shalala, Civ. A. No. 92-5900, 1993 WL 498025, *1 (E.D. Pa. Nov. 24, 1993) (district court did not err in imposing a time limit on the remand in a case where the Commissioner created an unreasonable delay in adjudicating the plaintiff's disability claim by failing to consider available relevant evidence at the Appeals Council stage); *see also* HALLEX 1-2-1-55.D.2 (articulating agency procedures following a time-limited court remand).

//

//

//

//

11

**CONCLUSION**

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that an ALJ other than Joseph Lisiecki hear the matter on remand.

IT IS FURTHER ORDERED that, unless plaintiff is unable to proceed within the following timeframe, within 180 days of the date of this Memorandum Opinion And Order, defendant shall:

(1) seek plaintiff's permission to obtain lay witness evidence regarding the onset date of plaintiff's disability, and, if permission is granted, try to obtain and supplement the record with this evidence;

(2) hold a hearing at which a medical advisor who specializes in a relevant field of medicine and has received an opportunity to review the record in its entirety testifies regarding the date plaintiff's disability commenced; and

(3) issue a decision on plaintiff's application for benefits that determines when plaintiff's disability commenced, accords proper weight to all of the medical source opinions of record, explicitly considers and provides legally sufficient reasons for discounting plaintiff's statements, the statements of any lay witnesses, and any medical opinions, and articulates a "convincing rationale" for the established onset date pursuant to Social Security Ruling 83-20.

\\
\\
\\
\\

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: September 21, 2015

                                              KAREN L. STEVENSON
                            UNITED STATES MAGISTRATE JUDGE